(No. 21204.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER ACKERLUND, Plaintiff in Error.

*Opinion filed April 23, 1932—Rehearing denied June 10, 1932.*

Wm. Scott Stewart, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Grenville Beardsley, of counsel,) for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was found guilty in the criminal court of Cook county of the crime of burglary. The indictment consists of three counts. The first charges that on June 7, 1929, he broke into and entered a certain building, to-wit, a store building of Edmond P. Dier and Morgan Waaler, co-partners doing business under the name and style of Portage Auto Parts Company, with intent to steal certain personal property described in the indictment, belonging to the said co-partnership. He brings the cause here for review, and argues that there was a fatal variance between the indictment and the proof in the description of the place alleged to have been burglarized, a failure of proof of venue, and error on the part of the trial court in refusing to entertain a motion to direct a verdict for plaintiff in error at the close of the People's evidence.

Albert Keyburn, an employee of the Portage Auto Parts Company, testified that said company had an office and store at 6201 Higgins road; that on the day of the alleged crime plaintiff in error came into that store to buy a Ford generator, and the witness saw him later driving away in a Ford dump-truck. He testified that he locked the store and office when he left that night at six o'clock, and when he returned the next morning the lock on the rear door was broken, the place had been rifled and the lock was broken off the gate to the yard. He saw the same truck plaintiff in error had driven the day before, on the road outside, loaded with iron which came from the yard of the

witness' employer. He testified that this yard was located in the city of Chicago and county of Cook.

Edmond P. Dier testified that the Portage Auto Parts Company did an auto wrecking business; that on the evening of June 7 he went to 6201 Higgins road and found plaintiff in error rolling a barrel of aluminum out of their yard. His truck was standing there loaded with iron, and he said he had orders from Portage Auto Parts Company to take it away. Dier testified that his (Dier's) partner came along and plaintiff in error started fighting with him, and the witness called the police and had plaintiff in error sent to the station; that the witness, on examination of the place, found the lock on the rear door of the store broken and the panels of the door splintered; that two certain gauges, of the value of $100, were missing, and that he found these gauges under the seat in plaintiff in error's truck. He identified them as belonging to Portage Auto Parts Company, as did the witness Keyburn.

Morgan Waaler testified that he received notice on the evening of June 7 that burglars were breaking into the yard and that he called Dier and told him; that he went out to the yard and met Dier and handed him a gun, and that he and plaintiff in error had an altercation. He identified the gauges as belonging to the company, and testified that this took place in the city of Chicago and county of Cook.

At the close of the People's case counsel for plaintiff in error, who is not his counsel here, moved the court to direct the jury to return a verdict finding the defendant not guilty. The court refused to entertain the motion on the ground there was no such motion in a criminal case.

Plaintiff in error testified he was not in the store of the Portage Auto Parts Company the afternoon of June 7 but had been hauling dirt; that that afternoon a colored man stopped him and said he had an old truck in which he was hauling iron but which had broken down and asked plaintiff in error if he would haul the iron for him to Union

and Lake streets; that he consented to do so; that he backed his truck up to the gate of the Portage Auto Parts Company and the colored man loaded the iron onto it; that the witness did not see the gauges and did not go into the yard, but that the colored man told him he bought this stuff from the Portage Auto Parts Company.

There was no variance between the indictment and the proof as to the place where the burglary was charged to have occurred. Morgan Waaler testified that he called Dier when he learned of the burglary. Dier testified that his partner was at their place with him. Waaler testified concerning the burglary at "our store." The witness Keyburn testified that at the place at 6201 Higgins road there was an office or store, and it is evident from the testimony of these witnesses there was also a yard there. The place of the burglary and the ownership were sufficiently proved, as was venue.

The principal contention of plaintiff in error is that since the decision of *People* v. *Bruner,* 343 Ill. 146, it was the duty of the court to instruct the jury in this case to return a verdict of not guilty. The People, on the other hand, contend that the *Bruner case* has no such effect on the previous rule concerning the giving of such an instruction as sought by plaintiff in error. It is clear in this case, however, that, without regard to the effect of the *Bruner case,* the court would not have been justified in giving such an instruction had it the power to do so, which it is not necessary to decide. There was ample evidence in this case to go to the jury on the question of the guilt of plaintiff in error and to sustain the conviction. While the court declined to entertain the motion, declaring that there was no such motion in a criminal case, the ruling of the court, which is the matter considered here, was, in effect, a denial of the motion, and the court did not err in such denial.

The judgment is affirmed.          *Judgment affirmed.*